UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STEVEN JUDE

                            Plaintiff,

      - against -

VIRGINIA MORROW, ET AL.,

                            Defendants.
------------------------------------------------------------X

22-cv-10560 (CS)

**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**

WHEREAS discovery herein from the Defendants ("Defendants") or New York State Department of Corrections and Community Supervision ("DOCCS") may include the production of information and/or documents that Defendants or DOCCS contend (a) contain highly sensitive information, policies, procedures, confidential personnel information, and other sensitive proprietary information, or other matters that, if disclosed, could jeopardize correctional or institutional safety, security or good order, or (b) contain information that is confidential under state or federal law;

IT IS HEREBY STIPULATED AND AGREED OR OTHERWISE ORDERED that:

1.     The term "document" as used herein is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and Rule 26.3(c)(2) of the Local Civil Rules of this Court.

2.     Defendants or DOCCS may designate as confidential documents produced from the records of Defendants and DOCCS and the information contained therein, the disclosure of

which Defendants or DOCCS believe would jeopardize correctional or institutional safety, security or good order, or which contain information that is confidential under state or federal law, which shall be referred to hereafter as "Confidential Material" or "Attorneys Eyes Only" including but not limited to the below, as set forth in Paragraphs 4 and 6. The designation of any document as "Confidential Material" or "Attorneys Eyes Only" must be apparent on the face of each page of the document created by either a watermark or bates-stamp to the extent possible given the format.

### *Materials Covered*

3. This Protective Order shall apply to all information and materials produced or disclosed from this point forward during the course of the above-captioned action (the "Action"), by Defendants or DOCCS, including but not limited to information produced or disclosed:

   a. In any pleading, document, affidavit, interrogatory answer, responses to requests for admission, brief, motion, transcript, or any other writing;

   b. In testimony given in a deposition by a witness or Party in the control of Defendants or DOCCS, and any transcript copies, or summaries of such information; or

   c. Through any other manner or means of discovery, including entry onto land or premises and inspection of books, records, documents and tangible things possessed by Defendants or DOCCS.

### *Confidential Materials*

4. Any party may designate as confidential any information, document, or thing, or portion of any document or thing produced by that party, the disclosure of which that party believes would contain information that is confidential under state or federal law, which shall be referred

to hereafter as "Confidential Material," including but not limited to the following:

    a. Reports and other records prepared by the DOCCS Office of Special Investigations, or its predecessor entity the DOCCS Office of the Inspector General, in connection with an investigation conducted by that entity;

    b. All personnel, health care (including but not limited to drug or substance abuse records), mental health care, and labor relations records that contain personally identifiable information concerning any employee of DOCCS or any inmate in the custody of DOCCS, with the exception of Plaintiff to the extent that it is not statutorily prohibited, provided that, for mental health records, the review and determination required by New York Mental Health Law § 33.16 has been completed before any records approved for release are produced;

    c. All documents and information that relate to the substance or contents of any and all personnel files, including but not limited to personal, departmental, and administrative files and other personnel information prepared or maintained by the State of New York (including without limitation, the Department of Corrections and Community Supervision), including but not limited to documents reflecting any disciplinary proceedings, performance evaluations, and counselings of any personnel of DOCCS, unless already possessed by a party or witness;

    d. All maps, blueprints, photographs, drawings, schematics, and any other written depiction or description of any DOCCS correctional facilities;

    e. All directives or written policies issued by DOCCS or any correctional facility operated by DOCCS that are classified as "D" in DOCCS Directive 0001,

       indicating that they contain information affecting the safety and security of correctional facilities and are handled as confidential material and restricted from unauthorized access;

    f. Any documents and information which counsel for all parties agree should be considered Confidential Material;

    g. All DOCCS training materials for corrections officers, sergeants, lieutenants, captains, deputy superintendents or medical staff, that refers to or concerns correctional or institutional safety, security, or good order;

    h. Any other records that Defendants or DOCCS believe would compromise the safety or security of a DOCCS facility if disclosed to an inmate in the custody of DOCCS and/or the general public;

    i. Any documents and information which counsel for a party designates as "Confidential Material" and to which counsel for the other party does not object; and

    j. Testimony about the documents and information covered by Paragraph 4(a)-(i).

    k. Photographs of DOCCS Staff and Personnel, either associated with or otherwise related to the subject incident(s).

5.    Access to the Confidential Material shall be limited to:

    a. Plaintiffs' counsel;

    b. Defendants' counsel;

    c. Employees and independent contractors of the respective attorneys for Plaintiffs or Defendants who have responsibility for the preparation or trial of this action, or any

appeal thereof;

d. The parties' respective experts and consultants, to the extent deemed necessary to the conduct of this litigation by the respective attorneys for Plaintiffs or Defendants, except that, prior to any such person being given access to the Confidential Material, that person shall be given a copy of this Stipulation and Protective Order and shall execute the Certification annexed hereto;

e. Individual employees and former employees of DOCCS, to the extent that such individual employees would have access to the Confidential Materials as part of their employment by DOCCS or would require review to prepare for intended testimony, and counsel for the individual employees and former employees of DOCCS, if represented for the purposes of this action, provided such counsel executes the annexed Certification;

f. Court reporters, to the extent deemed necessary for the conduct of this litigation by the respective attorneys for Plaintiff or Defendants; and

g. The Court.

6. Defendants and DOCCS may further designate Confidential Material as "Attorneys' Eyes Only" documents or information produced by Defendants or DOCCS from their files in the following categories:

a. Any documents or information that Defendants or DOCCS produce and believe in good faith would compromise the safety, institutional security, and good order of a DOCCS facility if disclosed to an inmate in the custody of DOCCS or any former DOCCS inmate and/or the general public;

      b. Any documents and information which counsel for all parties agree should be considered Attorneys' Eyes Only Material; and

      c. Any documents and information which counsel for a party designates as Attorneys' Eyes Only Material and to which counsel for no other party objects.

7. Access to Attorneys' Eyes Only Material shall be limited to:

      a. Attorneys for Plaintiffs;

      b. Attorneys for Defendants;

      d. Employees and independent contractors of the respective attorneys for Plaintiffs or Defendants who have responsibility for the preparation or trial of this action, or any appeal thereof;

      e. The parties' respective experts and consultants, to the extent deemed necessary to the conduct of this litigation by the respective attorneys for Plaintiffs or Defendants, except that, prior to any such person being given access to the Attorneys' Eyes Only Material, that person shall be given a copy of this Stipulation and Protective Order and shall execute the Certification annexed hereto;

      f. Individual employees or former employees of DOCCS, including Defendants, to the extent that such individual employees would have access to the Attorneys' Eyes Only Material as part of their employment with DOCCS or require review of the document for intended testimony;

      g. Court reporters, to the extent deemed necessary for the conduct of this litigation by the respective attorneys for Plaintiffs, Defendants, or attorneys with whom one of the Parties enjoys a joint defense or common interest agreement; and

h.   The Court.

8.   All transcripts of depositions taken in this Action will be treated as Confidential Material in their entirety for ten (10) days after being notified that a full and final copy of the deposition transcript is available. During that ten (10) day period, any party may designate as Confidential Material or Attorneys' Eyes Only Material any portion of the transcript, by page and line, and any deposition exhibits related to the subject areas described in Paragraph 4 or 6 herein, and such designation must be provided to all counsel in writing to be deemed effective. Any portion of the deposition transcript or exhibits not so designated during the ten (10) day period will not be treated as Confidential Material or Attorneys' Eyes Only Material.

9.   An inadvertent failure to designate Confidential Material or Attorneys' Eyes Only Material may be corrected by supplemental written notice given as soon as practicable; however, no Party shall be deemed in violation of this Agreement for the dissemination or use of material not designated "Confidential Material" or "Attorneys' Eyes Only" prior to such designation.

10.   Nothing in this Agreement shall be construed to allow the designation as "Confidential" or "Attorney's Eyes Only" any documents already collected or produced by any party without such designation through the date of this Agreement, but neither shall this Agreement prevent or prejudice any party from separately seeking a protective order for such documents and materials.

11.   Notwithstanding the treatment as Confidential Material or Attorneys' Eyes Only Material of any personnel or other records that contain personally identifiable information concerning any employee of DOCCS, it is understood that to the extent that unauthorized disclosure of such information would violate the Health Insurance Portability and Accountability

Act ("HIPAA") and N.Y. State Mental Hygiene Law §33.13, the names, names of family members, residence addresses, employee insurance information, Social Security numbers and/or identification numbers of any employee who has not provided DOCCS with a duly executed authorization permitting disclosure of such information shall be redacted from the documents produced by DOCCS.

12. Confidential Material or Attorneys' Eyes Only Material shall be treated as confidential and not disclosed, except to the extent provided in this Stipulation and Protective Order or as otherwise ordered by the Court.

13. No person receiving Confidential Material or Attorneys' Eyes Only Material pursuant to this Stipulation and Protective Order shall disclose or discuss the contents of such Confidential Material or Attorneys' Eyes Only Material in any manner, written or oral, to or with any person who is not entitled to receive such Confidential Material or Attorneys' Eyes Only Material pursuant to this Stipulation and Protective Order.

14. The Confidential Material or Attorneys' Eyes Only Material shall not be disclosed in open court without first affording the designating party's counsel an opportunity to contest disclosure and/or admissibility of the Confidential Material or Attorneys' Eyes Only Material. Nothing in this Stipulation of Confidentiality and Protective Order shall render otherwise admissible evidence inadmissible, subject only to the Court's taking action to preclude disclosure of such evidence to anyone other than the jury, the Court itself, and such other persons that the Court deems appropriate.

15. If a party in good faith objects to the designation of any document as Confidential Material or Attorneys' Eyes Only Material, such party shall state such objection in writing to the

counsel for the party that designated the Confidential Material or Attorneys' Eyes Only Material within thirty (30) days of the objecting party's receipt of the Confidential Material or Attorneys' Eyes Only Material or designation thereof. Counsel shall in good faith attempt to resolve such conflict. If the conflict cannot be resolved among counsel within thirty (30) days of the written objection, the designating party may move for a protective order pursuant to Federal Rule Civil Procedure 26. If after thirty-one (31) days of receipt of a party's written objection to the designation, the designating party has not moved for a protective order, the designations will be deemed null and void. Any disputed documents shall be treated as Confidential Material or Attorneys' Eyes Only Material until the parties resolve the conflict, the Court issues its ruling regarding the conflict or the designating party fails to move for a protective order within thirty-one (31) days of receipt of the written objection. Nothing in this paragraph shall interfere with the parties' obligations created by Rule 26 of the Federal Rules of Civil Procedure.

16. Confidential Material or Attorneys' Eyes Only Material may be disclosed pursuant to a subpoena, request or order of a court, administrative agency or tribunal with actual or apparent authority over counsel, provided, however, that, in the event that counsel intends to produce documents containing Confidential Material or Attorneys' Eyes Only Material or that contain Confidential Material or Attorneys' Eyes Only Material obtained from such documents in response to such order, counsel shall serve notice of such order upon designating party's counsel, identifying by Bates numbers the documents it intends to produce, not less than ten (10) business days prior to the production thereof, to give the designating party the opportunity to seek a protective order against such production unless the court orders that they be produced sooner, in which event counsel will serve notice upon designating party's counsel as soon as practicable.

17. In the event that any counsel intends to file with the Court any papers that attach or enclose documents containing Confidential Material or Attorneys' Eyes Only Material produced pursuant to this Stipulation and Protective Order or that contain Confidential Material or Attorneys' Eyes Only Material obtained from such documents, including deposition transcripts, that counsel shall serve notice of such intention upon the party who designated the documents as Confidential Material or Attorneys' Eyes Only Material, identifying by Bates numbers the documents to be filed, not less than ten (10) business days prior to the filing thereof, to give the designating party the opportunity to request or move the Court to direct that such documents be filed under seal, provided, however, that such notice shall not be construed as a waiver of the attorney-client privilege, attorney work product privilege, or any other applicable privilege or immunity.

18. Unless otherwise provided in the Local Rules or by Order of the Court, when filing court papers under seal, such papers or documents shall be filed only in sealed envelopes on which shall be endorsed the caption and Civil Action number of this action and a statement substantially in the following form:

> This envelope contains Confidential Material. The envelope shall not be opened nor the contents therein displayed or revealed, other than to the Court, except by Order of the Court.

19. Except as provided for in paragraph 7 herein, consented to in writing by producing counsel, or ordered by the Court, and notwithstanding any other term or provision contained in this Stipulation and Protective Order, Attorneys' Eyes Only Material shall not be released or disclosed in any manner to any person who is or was an inmate in the custody of DOCCS.

20. Nothing herein shall be deemed to waive any applicable privilege or excuse any

party from adhering to the mandates of the Federal Rules. No privilege or protection is waived by disclosure connected with this lawsuit, nor is any such disclosure a waiver in any other federal or state proceeding, and any inadvertently disclosed material is subject to return to the producing party ("clawback") without any obligation on the part of the producing party to demonstrate compliance with Fed. R. Evid. 502(b)(1)-(3) and Fed. R. Civ. P. 26(b)(5)(B) relating to inadvertent disclosure. However, nothing herein shall be deemed to waive the right of the receiving party to dispute the producing party's claim of privilege.

21. Confidential Material or Attorneys' Eyes Only Material produced pursuant to the terms of this Stipulation and Protective Order shall be used by the receiving party solely for the purposes of this action and solely to the extent necessary for the litigation of this action, including any appeals thereof.

22. Thirty (30) days after the conclusion of this Action, including any monitoring or compliance proceedings, and any appeals therefrom, any counsel who received Confidential Material or Attorneys' Eyes Only Material shall either return to the producing party's counsel all Confidential Material or Attorneys' Eyes Only Material, and any copies thereof, in its custody, possession or control and any documents containing Confidential Material or Attorneys' Eyes Only Material, in whole or in part, and any copies made therefrom or shall notify the producing party's counsel in writing that all such Confidential Material or Attorneys' Eyes Only Material has been destroyed. For good cause shown, a party may move the Court for modification of this provision.

23. Nothing in this Order shall foreclose the parties from separately negotiating and agreeing in writing to the confidential treatment of documents not contemplated by this Stipulation

and Protective Order and identified in Paragraph 4 or Paragraph 6 herein.

24.     As discussed in Paragraph 3, the confidentiality designations in this Order cover material produced going forward but not material produced to date. Nothing in this Order shall foreclose the parties from negotiating and agreeing in writing to the confidential treatment of documents previously produced or prejudice the parties in seeking a supplemental protective order over such documents should the parties fail to reach an agreement.

Dated: September 23, 2023

THE LAW OFFICES OF ANDREW J. SPINNELL, LLC

By: /s/ Andrew J. Spinnell
Andrew Spinnell
Attorney At Law
295 Madison Avenue, 12th Floor
New York, NY, 10017
Telephone: (212) 684-0317
Facsimile: (212) 696-2611

Dated: September 25, 2023

LETITIA JAMES
Attorney General for the State of New York

By: /s/ Robert C. Feliu
Robert C. Feliu, Esq.
Assistant Attorney General
44 South Broadway, 5th Floor
White Plains, New York 10601
Phone: (914) 422-8768

*Attorney for Defendants*

SO ORDERED:
Dated: 9/26/23

/s/ Cathy Seibel
Hon. Cathy Seibel
United States District Judge

## CERTIFICATION

I certify my understanding that Confidential Material is being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order in *Jude v. Morrow, et al.*, 22-cv-10560 (CS) currently pending in the United States District Court for the Southern District of New York. I further certify that I have read the Stipulation and Protective Order and agree to be bound by it.

I understand that all provisions of the Stipulation and Protective Order restricting the communication or use of Confidential Material, including but not limited to any notes or other transcriptions made of Confidential Material therefrom, shall continue to be binding during the pendency of and after the conclusion of this action.

Dated: 9/23/3?

AFFIRMED UNDER PENALTY OF PERJURY

_____
SIGNATURE

ANDREW J. SPINNELL
PRINT NAME

OFFICES OF ANDREW J SPINNELL, LLC

295 MADISON AVE, FL 12 NY NY 10017
ADDRESS

212-684-0317
TELEPHONE NUMBER

Sworn to before me this ___ day of _____, 20__.

_____
NOTARY PUBLIC